UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | VIOLATIONS: |
| | ) | |
| v. | ) | 21 U.S.C. § 846 |
| | ) | Conspiracy to Distribute |
| | ) | Heroin |
| 1. SEGUNDO GUTIERREZ, Jr., and | ) | |
| 2. MIGUEL RIVERA | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Distribution of Heroin |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | Aiding and Abetting |
| | ) | |
| Defendants. | ) | 21 U.S.C. § 853(a) |
| | ) | Criminal Forfeiture |

**INDICTMENT**

**COUNT ONE:**   (21 U.S.C. § 841(a)(1) - Conspiracy to Distribute Heroin)

The Grand Jury charges that:

In or about May 2012, and continuing thereafter until on or about October 4, 2013, in the District of Massachusetts, and elsewhere,

**(1) SEGUNDO GUTIERREZ, JR. and
(2) MIGUEL RIVERA,**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

It is further alleged that the offense charged in Count One involves 100 grams or more of heroin, a Schedule I controlled substance. Accordingly, Title 21 U.S.C. § 841(b)(1)(B)(i) is applicable to this count.

It is further alleged that, with respect to Count One, 100 grams or more of heroin, a Schedule I controlled substance, is attributable to and was reasonably foreseeable by, (1) **SEGUNDO GUTIERREZ, JR.** and (2) **MIGUEL RIVERA.** Accordingly, Title 21 U.S.C. § 841(b)(1)(B) is applicable to Defendants (1) **SEGUNDO GUTIERREZ, JR.** and (2) **MIGUEL RIVERA.**

**COUNT TWO:** (21 U.S.C. § 841(a)(1) – Distribution of Heroin)

The Grand Jury further charges that:

On or about September 5, 2013, in the District of Massachusetts,

**(1) SEGUNDO GUTIERREZ, JR. and
(2) MIGUEL RIVERA,**

defendants herein, did knowingly and intentionally possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

It is further alleged that with respect to Count Two, 100 grams or more of heroin, a Schedule I Controlled Substance, is attributable to and was reasonably foreseeable by defendants (1) **SEGUNDO GUTIERREZ, JR.** and (2) **MIGUEL RIVERA.** Accordingly, Title 21 U.S.C. § 841(b)(1)(B)(i) is applicable to defendants (1) **SEGUNDO GUTIERREZ, JR.** and (2) **MIGUEL RIVERA.**

**COUNT THREE:**   (21 U.S.C. § 841(a)(1) – Distribution of Heroin)

The Grand Jury further charges that:

On or about October 4, 2013, in the District of Massachusetts,

**(1) SEGUNDO GUTIERREZ, JR. and
(2) MIGUEL RIVERA,**

defendants herein, did knowingly and intentionally possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

It is further alleged that with respect to Count Three, 100 grams or more of heroin, a Schedule I Controlled Substance, is attributable to and was reasonably foreseeable by defendants (1) **SEGUNDO GUTIERREZ, JR.** and (2) **MIGUEL RIVERA**.  Accordingly, Title 21 U.S.C. § 841(b)(1)(B)(i) is applicable to defendants (1) **SEGUNDO GUTIERREZ, JR.** and (2) **MIGUEL RIVERA.**

**Forfeiture Allegation -** (21 U.S.C. § 853(a) - Criminal Forfeiture)

The Grand Jury further charges that:

1.  Upon conviction of any offense in violation of Title 21, United States Code, Sections 841 and/or 846 alleged herein,

> **(1) SEGUNDO GUTIERREZ, JR. and**
> **(2) MIGUEL RIVERA,**

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, jointly and severally, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations. The property to be forfeited includes, but is not limited to, the following:

  (a) $55,240 in United States currency seized on February 4, 2014 in Lunenburg, Massachusetts;

  (b) $44,000 in United States currency seized on October 4, 2013 in Sturbridge, Massachusetts; and

  (c) one gray 2006 Chevrolet K1500 (crew cab), bearing VIN 2GCEK13T361213775 and Massachusetts registration number 544HE6.

2.  If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants –

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Michelle L. Dineen Jerrett
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; April 9TH, 2014.

Returned into the District Court by the Grand Jurors and filed.

_____ 2:10pm
DEPUTY CLERK