**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA        . CRIMINAL NO. 14-40012-TSH
                                . CRIMINAL NO. 14-40019-TSH
                                .
            V.                  . BOSTON, MASSACHUSETTS
                                . MAY 12, 2014
MIGUEL RIVERA                   .
   Defendant                    .
. . . . . . . . . . . . . . . .


              TRANSCRIPT OF INITIAL APPEARANCES
                    AND ARRAIGNMENTS
           BEFORE THE HONORABLE DAVID H. HENNESSY
              UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the government

UNITED STATES ATTORNEY'S OFFICE
595 Main Street, Suite 206
Worcester, MA 01608
508-368-0102
Michelle Dineen Jerrett, Esq.
Michelle.Dineen.Jerrett@usdoj.gov

For the defendant

FEDERAL PUBLIC DEFENDER'S OFFICE
51 Sleeper Street
Boston, MA 02210
617-223-8061
Oscar Cruz, Esq.
Oscar_Cruz@fd.org




Court Reporter:

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.


                        *MARYANN V. YOUNG*
                    **Certified Court Transcriber**
                      **Wrentham, MA  02093**
                        **(508) 384-2003**

2

1    (Court called into session)

2    (11:01:58 AM)

3            THE CLERK:  The United States District Court is

4    now in session.  Please be seated.  The Honorable David H.

5    Hennessy presiding.  Today's date is May 12, 2014, in the

6    case of USA v. Miguel Rivera, Criminal Action No. 14-

7    40019.

8            Counsel; please identify yourself for the

9    record.

10           MS. DINEEN JERRETT:  Good morning, Your Honor,

11   Michelle Dineen Jerrett on behalf of the United States.

12           THE COURT:  Good morning, Ms. Dineen Jerrett.

13           MR. CRUZ:  Good morning, Oscar Cruz for Miguel

14   Rivera.

15           THE COURT:  And good morning, Mr. Cruz.

16           Mr. Rivera, would you stand please?  I'm

17   Magistrate Judge Hennessy.  You're here because a grand

18   jury has returned an indictment charging you with a crime

19   and that means that the grand jury's made a finding that

20   there's probable cause to believe that a crime has been

21   committed and that you committed it.  It's a probable

22   cause finding.  This hearing is known as an arraignment

23   and it's an initial appearance as well.  I'm going to

24   advise you of your constitutional and legal rights.  I'll

25   tell you about the charge against you and the penalties

3

1 that the Court can impose if you're found guilty of that

2 charge, and I will consider whether you need us to appoint

3 counsel for you to consider whether you're going to be

4 released or detained and set a date for your next court

5 appearance.  This is a one count indictment and you're

6 charged in Count 1 with being a felon in possession of a

7 firearm and ammunition that has traveled or is related to

8 interstate commerce and then there is a forfeiture

9 allegation.

10          Ms. Dineen Jerrett, what are the maximum

11 penalties and any mandatory minimum penalties?

12          MS. DINEEN JERRETT:  Yes, Your Honor.  Your

13 Honor, for Count 1 the maximum penalty is a term of

14 incarceration of 10 years, a fine of up to $250,000,

15 supervised release up to three years, deportation

16 consequences if the defendant is not a United States

17 citizen.  There are no minimum mandatories in this case

18 that I'm aware of and as the Court pointed out there is a

19 forfeiture allegation.

20          THE COURT:  Okay.  Mr. Rivera, you have a right

21 under the constitution of the United States to remain

22 silent.  Any statement made by you can be used against you

23 in court and you have the right not to have your own words

24 used against you.  You may consult with an attorney prior

25 to any questioning and you may have the attorney present

4

1   during questioning.  Counsel will be appointed without

2   charge if you cannot afford counsel.  If you choose to

3   make a statement or to answer questions without the

4   assistance of counsel you can stop answering at any time.

5   I want to make it clear that you are not prohibited from

6   making statements but simply that if you do your words can

7   be used against you.

8          Finally, if I ask you any questions during this

9   hearing or at a future hearing and you think the answer to

10  the question may incriminate you, you have the right not

11  to answer.

12         Do you understand everything I've said about

13  your right to remain silent?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Okay.  You also have the right to

16  retain counsel, to be represented by counsel and to have

17  the assistance of counsel at every critical stage of the

18  proceedings against you.  That's why Mr. Cruz is standing

19  next to you this morning.  You would have the right to

20  assistance of counsel at any appearances in court, if you

21  were brought in for a line up, if you were brought in for

22  questioning.  You also have the right to have this Court

23  appoint counsel if you cannot afford counsel.  I have

24  before me a financial affidavit signed under a

25  certification that the answers are certified under

5

1  penalties of perjury.

2            Did you sign this financial affidavit?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Okay.  I have reviewed it and I find

5  that you qualify for appointment of counsel.

6            Mr. Cruz, I'll ask you to represent Mr. Rivera

7  in this case.

8            MR. CRUZ:  Yes, Your Honor.

9            THE COURT:  Finally, you have a right to a

10 hearing to determine whether you're going to be released

11 on conditions of bail or whether you're going to be

12 detained and I'm going to take that matter up in a minute,

13 but let me just turn quickly to the arraignment.

14            Have you been provided with a copy of the

15 indictment; that is the written charge against you?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  And have you reviewed it with Mr.

18 Cruz as your attorney?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Mr. Cruz, do you waive a formal

21 reading of the indictment?

22            MR. CRUZ:  Yes.

23            THE COURT:  All right, and is Mr. Rivera

24 prepared to enter a plea?

25            MR. CRUZ:  He is.

6

1          THE COURT:  Mr. Rivera, as to the one and only

2  count of this indictment, Count 1, charging you with being

3  a felon in possession of a firearm and ammunition, what

4  say you, guilty or not guilty?

5          THE DEFENDANT:  Not guilty.

6          THE COURT:  Okay, thank you.  You can be seated.

7  Ms. Dineen Jerrett, what is the government's position on

8  release or detention?

9          MS. DINEEN JERRETT:  Your Honor, the government

10  would move for detention under 18 U.S.C. 3142(f)(1)(E).

11  There is, the crime charged here is a felony not otherwise

12  a crime of violence that involves the possession of a

13  firearm.  Also, Your Honor, under 18 U.S.C. 3142(f)(2)(A)

14  as a risk of flight.  I do understand, Your Honor, that

15  Mr. Rivera is being held on unrelated state charges and

16  that the government is moving for detention in the event

17  that he were to be released from his state custody to be

18  able to have that issue heard here in federal court.

19          THE COURT:  All right.  Mr. Cruz, any, how would

20  you like to proceed?

21          MR. CRUZ:  Your Honor, Ms. Dineen Jerrett is

22  correct.  Mr. Rivera is being held on a state matter on a

23  very high cash bail.  I don't anticipate that there would

24  be any request to be heard on the issue of detention at

25  this point.  Mr. Rivera is satisfied that the Court enter

7

1    an order.  I leave it to the Court under the

2    circumstances.  I don't know if, if you enter an order of

3    detention at this point does that mean that he falls into

4    primary federal custody or should we under *Commonwealth v.*

5    *King* just allow him to remain with the state and then he

6    can be habed in as he needs to be?

7            THE COURT:  Go ahead, Ms. Dineen Jerrett.

8            MS. DINEEN JERRETT:  Your Honor, I, I don't know

9    that the federal charges here, I would think that the

10   state would have the priority.  He is not a sentenced

11   prisoner so I don't believe that ID would apply and I

12   don't believe that there would be any basis for bringing

13   him into federal custody at this stage.

14           THE COURT:  Why don't I do this?  On this case I

15   will enter a voluntary order of dismissal under *United*

16   *States v. King* --

17           MR. CRUZ:  Um hmmm.

18           THE COURT:  -- and then if at some point it's

19   necessary to visit the issue of release, if the defendant

20   is released from state custody and you want to move for --

21           MR. CRUZ:  Yes.

22           THE COURT:  -- release on conditions, I'll do

23   that, but I think I should enter a temporary order.  It's

24   my understanding he will go back to state custody because

25   --

8

1          MR. CRUZ:  All right.

2          THE COURT:  -- state has priority on this.

3          MR. CRUZ:  Thank you.

4          THE COURT:  Sure.  Then the, just the

5    scheduling.  Ms. Dineen Jerrett, is this the same

6    defendant who's also named in the indictment 14-40012

7    which involves charges of conspiracy to distribute heroin

8    and two counts of possession of heroin with intent to

9    distribute?

10          MS. DINEEN JERRETT:  Yes, Your Honor.

11          THE COURT:  All right.

12          MS. DINEEN JERRETT:  Your Honor, if I may?

13          Mr. Cruz and I discussed before Your Honor came

14    on the bench the, it makes sense to try to parallel these

15    two cases together on --

16          THE COURT:  Okay.

17          MS. DINEEN JERRETT:  -- the same track.  If the

18    Court is willing to do that, to extend the other matter to

19    a date that would kind of parallel the track for this

20    case, the parties are agreeable if the Court thinks that

21    makes sense.

22          THE COURT:  I'm fine doing that.  So your

23    preference would be then I set new dates for this case for

24    production of automatic discovery and the like and then

25    that the other case track that as opposed to using the

9

1    dates that I've already set in the other case?

2              MS. DINEEN JERRETT:  Yes, Your Honor --

3              THE COURT:  Okay.

4              MS. DINEEN JERRETT:  -- although if, if you

5    would prefer the, the second choice we can certainly do

6    that.  I was concerned about making sure that I had,

7    there's not a sufficient amount of discovery but to make

8    sure that I would have time to do that I would prefer the,

9    the first option.

10             THE COURT:  Okay.  So we'll do the first option.

11   That's fine.  So the date for automatic discovery 28 days

12   from today will be Monday, June 9th for the exchange of

13   automatic discovery.  I'll put this matter on for Monday,

14   June 23rd for an initial status conference.

15             Ms. Belpedio do we have a time?

16             THE CLERK:  Open all day.

17             THE COURT:  I'll put it on for 10 o'clock in the

18   morning.  Mr. Cruz, well both parties, you're welcome to

19   appear by telephone.  Just contact Ms. Belpedio if you

20   want to do that.  In the alternative, if as we approach

21   that date there's not a need for the initial status

22   conference because you've exchanged discovery and things

23   are kind of moving along, let me know and I can cancel it

24   and just enter an order moving the case over.

25             Finally, I would propose excluding the time from

10

1  today's date through the initial status conference in

2  the interest of justice to allow the parties to develop

3  the discovery plans, produce discovery and for the

4  defendant to at least begin his review of discovery,

5  consider the need for pretrial motions and requests for

6  motions for discovery.

7          Any objection to that order, Mr. Cruz?

8          MR. CRUZ:  No, Your Honor.

9          THE COURT:  And Ms. Dineen Jerrett?

10         MS. DINEEN JERETT:  No, Your Honor.

11         THE COURT:  Okay.  Finally, then I guess on the

12 parallel case, I would propose, Ms. Belpedio, we don't

13 need to call it do we on 14-40012?  Okay.  She's

14 indicating that I don't need to call it.  So I am going to

15 change the date of the initial status conference to

16 Monday, June 23rd at 10 o'clock in the morning.  Also, on

17 14-40012 and I would propose to enter an order of

18 excludable time extending the date from June 2, 2014,

19 which is currently the date of the initial status

20 conference to June 23rd in the interest of justice to allow

21 the parties to put these cases on a parallel track that

22 may facilitate discovery, motion practice and the

23 possibility of a non-trial disposition of a case and I

24 would enter, I'll enter a written order in the interest of

25 justice to exclude that time.

11

1          Any objection to that order Mr. Cruz?

2          MR. CRUZ:  No, Your Honor.

3          THE COURT:  And Ms. Dineen Jerrett?

4          MS. DINEEN JERRETT:  No, Your Honor.

5          THE COURT:  Okay, great.  I'll do that as well.

6     All right.  Ms. Dineen Jerrett, anything else I need to

7     take up on either one of these cases?

8          MS. DINEEN JERRETT:  No, Your Honor.

9          THE COURT:  Okay, and Mr. Cruz?

10         MR. CRUZ:  No, thank you.

11         THE COURT:  Okay.  We're in recess.  Thank you.

12         MS. DINEEN JERRETT:  Thank you, Your Honor.

13    (Court adjourned)

14    (11:13:44 AM)

15

16

17

18

19

20

21

22

23

24

25

12

1                          CERTIFICATION

2         I, Maryann V. Young, court approved transcriber,

3    certify that the foregoing is a correct transcript from

4    the official digital sound recording of the proceedings in

5    the above-entitled matter.

6

7    /s/ Maryann V. Young                April 2, 2018

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MARYANN V. YOUNG
Certified Court Transcriber
(508) 384-2003